T.C. Summary Opinion 2003-25

UNITED STATES TAX COURT

ROBERT J. HARTZ & SHARI L. HARTZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

ROBERT J. HARTZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 2730-01S, 2731-01S.     Filed March 24, 2003.

<u>Georg Jensen</u>, for petitioners.

<u>Robert A. Varra</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  These consolidated cases were
heard pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petitions were filed.  The
decisions to be entered are not reviewable by any other court,
and this opinion should not be cited as authority.  Unless
otherwise indicated, subsequent section references are to the

Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined the following deficiencies in petitioners' Federal income taxes, addition to tax, and penalty, for the respective taxable years:

| Docket No. | Year | Deficiency | Sec. 6651(a)(1) Addition to tax | Sec. 6662(a) Penalty |
|---|---|---|---|---|
| 2731-01S | 1995 | $2,259 | $508 | -0- |
| 2730-01S | 1996 | 24,448 | -0- | $4,890 |
| 2730-01S | 1997 | 4,080 | -0- | -0- |

Unless otherwise indicated, references to petitioner with respect to any taxable year, and any references to petitioners with respect to 1995, are references solely to petitioner Robert J. Hartz.

The issues for decision are: (1) Whether petitioners received unreported income in 1995 and 1996; (2) whether petitioners are entitled to certain disallowed business expense deductions in each year in issue, and to an additional deduction for interest expense in 1995; (3) whether petitioners are entitled to deduct a loss on the disposition of purported business property in 1997; (4) whether petitioner is liable for the section 6651(a)(1) addition to tax for failure to file timely his Federal income tax return in 1995; and (5) whether

petitioners are liable for the section 6662(a) accuracy-related penalty for 1996.[1]

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Hillsdale, Wyoming, on the date the petitions were filed in these cases.

During the years in issue, petitioner was engaged in the business of installing bleachers as a sole proprietor. Petitioner filed an individual Federal income tax return for taxable year 1995. Petitioners were married in 1996 and filed joint Federal income tax returns in 1996 and 1997.

Unreported Income

With respect to petitioner's sole proprietorship, petitioners reported business gross income of $140,559 in 1995 and $189,159 in 1996. Respondent determined that there was unreported business income of $13,153 in 1995 and $38,641 in 1996. The notices of deficiency include no details concerning the source of the unreported business income. Respondent also

---

[1]Petitioners generally do not dispute, and we do not address, those adjustments by respondent which favor petitioners. Although the parties addressed at trial the meal and entertainment expense deductions, the adjustments with respect thereto are in petitioners' favor and need not be addressed here. Adjustments to self-employment income taxes and deductions therefor in each year in issue, and to the earned income credit in 1996, are computational and will be resolved by the Court's holding on the issues in these cases.

determined that petitioner Shari L. Hartz received unreported wage income of $13,595 in 1996.

Gross income generally includes all income from whatever source derived, including compensation for services and gross income derived from business. Sec. 61(a)(1) and (2).

In his trial memorandum, respondent argues as follows with respect to the unreported income:

> Gross receipts of $140,559 were reported for the year 1995 for Hartz Bleachers. Forms 1099-MISC totaling $153,712 were issued to Hartz Bleachers for the year 1995. Respondent determined that the amount reported on the Forms 1099-MISC accurately reflected gross income for Hartz Bleachers for * * * 1995.

> Gross receipts of [$189,159] were reported for the year 1996 for Hartz Bleachers. Forms 1099-MISC totaling $187,809 were issued to Hartz Bleachers for the year 1996. Books kept for Hartz Bleachers reported receipts of $227,800. Bank deposits into accounts held by petitioners and Hartz Bleachers for the year 1996 totaled $239,234. Respondent determined that the correct amount of income was [$227,800], as shown on petitioners' books and records.

> * * * * * * *

> For the year 1996, [$13,595] of the amount allowed by respondent as a deduction for compensation [see discussion infra] was for amounts Hartz Bleachers paid to petitioner Shari L. Hartz. Respondent also determined that this amount should be reported as income by Shari L. Hartz for * * * 1996.

No party presented reliable evidence concerning the correct amount of wage and business income in 1995 and 1996. Although petitioner testified briefly concerning the business income, the extent of his testimony was that he relied upon the Forms 1099 in calculating the total amount of income in each year. The Forms

1099 were not introduced into evidence by petitioners or respondent, but the amounts reflected on these forms for 1995 were stipulated by the parties.

Because petitioners have not introduced any credible evidence regarding the amount of unreported income determined by respondent, petitioners ultimately bear the burden of proof with respect to this issue. Sec. 7491(a)(1);[2] Rule 142(a); Ruidoso Racing Association, Inc. v. Commissioner, 476 F.2d 502, 507-508 (10th Cir. 1973), affg. in part and remanding in part T.C. Memo. 1971-194 ("With regard to unreported income, the taxpayer must prove that the determination is arbitrary or erroneous, and if it does so the Commissioner must satisfy the court as to the existence and amount of unreported income."). The nature of the business activity giving rise to respondent's determination of unreported income is not in dispute: Both the unreported business income and the unreported wage income are connected to petitioner's undisputed sole proprietorship. Petitioners have presented no evidence refuting respondent's determination or otherwise tending to show it to be arbitrary or erroneous. We find that petitioners have failed to meet their burden and,

---

[2]Respondent asserts that the "audit in this case began on April 3, 1998, so the provisions of I.R.C. sec. 7491 do not apply." Because sec. 7491 does not alter the outcome, however, we need not decide whether its provisions are inapplicable in one or both of these cases.

subject to a concession by respondent,[3] sustain respondent's determination with respect to the 1995 and 1996 unreported income.

Business Expense Deductions

With respect to petitioner's sole proprietorship, petitioners claimed the following deductions and respondent disallowed the respective portions thereof:

|  | 1995 | | 1996 | | 1997 | |
| --- | --- | --- | --- | --- | --- | --- |
|  | Claimed | Disallowed | Claimed | Disallowed | Claimed | Disallowed |
| Travel | $6,591 | $959 | $26,811 | $2,420 |  |  |
| Legal fees |  |  | 5,675 | 5,765 | $21,240 | $21,240 |
| Depreciation |  |  | 16,604 | 2,420 | 23,420 | 2,256 |
| Car and truck | 6,116 | 3,054 | 17,615 | 6,627 | 24,267 | 4,853 |
| Rent |  |  | 4,569 | 2,188 |  |  |
| Contract labor/wages |  |  | 75,662 | 11,266 |  |  |

While a taxpayer generally may deduct expenses incurred in conducting a trade or business, a taxpayer may not deduct personal, family, or living expenses. Secs. 162(a), 262(a). Moreover, a taxpayer generally must keep records sufficient to establish the amounts of the items reported on his Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making.

---

[3]Respondent concedes in the parties' stipulation that the correct amount of business gross income in 1995 is $152,012. We accordingly find that petitioner had unreported business income of $11,453 in that year.

Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Furthermore, section 274(d) supersedes the Cohan doctrine and prohibits estimating certain expenses. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. 412 F.2d 201 (2d Cir. 1969). That section provides that, unless the taxpayer complies with certain strict substantiation rules, no deduction is allowable (1) for travel expenses, (2) for entertainment expenses, (3) for expenses for gifts, or (4) with respect to listed property. Listed property includes passenger automobiles and other property used as a means of transportation. Sec. 280F(d)(4). To meet the strict substantiation requirements, the taxpayer must substantiate the amount, time, place, and business purpose of the expenses. Sec. 274(d); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

With respect to the travel expenses, petitioners provided a summary document prepared in 1996 or 1997 listing various destinations and lengths of stay during 1995. This document was not prepared contemporaneously with the travel and does not meet the section 274(d) requirement that business purpose be documented.

With respect to the legal fees, petitioners provided a summary document from the office of petitioners' counsel

reflecting payments by petitioners of $1,500 during 1996.  The parties stipulated that in 1996 petitioners paid their counsel $2,175 and paid various other legal expenses of $822.  However, there is little evidence that these expenses were related to petitioner's business.  To the contrary, the office records and petitioner's testimony indicate that the legal work was primarily related to the matter involving the Winnebago, discussed <u>infra</u>, and was therefore personal in nature and nondeductible under section 262(a).  Petitioner testified that a portion of the legal expenses was incurred for obtaining advice on whether filing for bankruptcy was necessary in order to continue his business activity.  Certain bankruptcy-related legal expenses incurred in connection with a business activity may be deductible as business expenses.  See, e.g., <u>Tarakci v. Commissioner</u>, T.C. Memo. 2000-358.  However, petitioners have not shown that any amount of the legal expenses they incurred was connected with petitioner's business.  Although a record for a $75 billing refers to a matter involving "ch 13", presumably a reference to a chapter 13 bankruptcy proceeding, this amount was also billed as legal work for the personal Winnebago lawsuit; nothing indicates that there was any connection to petitioner's sole proprietorship.

With respect to depreciation, the only evidence presented by petitioners was a copy of the supporting schedule which had been

attached to the 1997 return and which summarized the various items claimed thereon as section 179 expenses and depreciation. These items were a 1994 Dodge truck, 1992 Dodge truck, van, file cabinet, computer cabinet, fax machine, van engine, and cargo trailer, and tools.  No supporting documentation was provided showing when these items were purchased, what their cost or other basis was, or how the items were used in petitioner's business. At trial, petitioner failed to provide any testimony regarding these or other substantiating details.

With respect to the car and truck expenses, petitioner testified that the vehicles for which he claimed the deductions were used solely for business purposes, and that he had other vehicles which he used for personal purposes.  He also partially relied upon the same reconstructed travel summary discussed supra.  However, petitioner provided no substantiation of the amounts, times, places, and business purposes of the car and truck expenses as required by section 274(d), such as a contemporaneous mileage log.

At trial, petitioners did not address specifically, and did not provide substantiation for, the disallowed rent expense deduction for 1996.

Petitioners briefly addressed the adjustments made to the contract labor expense deductions in each year in issue.  A

dispute exists between the parties concerning whether the expense is properly characterized as contract labor expense or wage expense subject to employment taxes. Although petitioners raised this as an issue in their petitions to this Court, the parties stipulated that respondent had not issued a notice of determination concerning this issue and that it is not currently before this Court. See sec. 7436. As such, only the amounts paid to the individuals in 1996--not the characterization of the payments--is at issue. The amount of the payments was not addressed at trial, however, and nothing was produced to substantiate any such payments in excess of what respondent determined had been made.

Petitioners have failed to substantiate any of the above alleged expenses as business expenses deductible under section 162(a). Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. We therefore sustain respondent's disallowance of the deductions therefor.

Finally, petitioner argues that he is entitled to an additional deduction which he claimed on an amended return form which he filed for 1995. Petitioner intended to use an amended return to make a variety of changes to amounts of income and deductions reported on the original 1995 return. These changes, resulting in a reduction of petitioner's reported adjusted gross income from $80,867 to $11,582, were not accepted by respondent

and are not reflected in the notice of deficiency. The only item appearing on the amended return form which petitioner chose to pursue at trial was a claim for an additional deduction for business interest expense of $1,487. Petitioner testified that the expense was incurred in connection with vehicles used for business purposes. Petitioner, however, provided no reliable substantiation that he incurred this expense in this amount or that the expense had a business purpose. Consequently, petitioner is not entitled to an additional business expense deduction for 1995. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Loss on Disposition of Business Property

On October 10, 1995, petitioner and Jeanie L. Melson (Ms. Melson) jointly entered into an installment contract to purchase a 1995 Winnebago. The contract indicated that the Winnebago was to be used primarily for personal, family, or household use. The purchase price of the Winnebago was $65,613. After applying a downpayment and incurring various costs and fees, the total principal amount financed under the contract was $62,848. Approximately 10 to 15 days after its purchase, Ms. Melson took the Winnebago from petitioner's possession. The bank which financed the purchase of the Winnebago sued petitioner for amounts due with respect thereto in 1996 and repossessed the vehicle from Ms. Melson in 1997. Petitioners claimed a deduction

in 1997 for a loss of $5,245 on the disposition of the Winnebago. Respondent disallowed this deduction in full.

Taxpayers generally are entitled to deduct from gross income certain losses sustained during the taxable year. Sec. 165(a). However, individual taxpayers may not deduct a loss unless the loss was incurred in a trade or business or another activity entered into for profit, or the loss arose from a casualty or from theft. Sec. 165(c).

Petitioner testified that he purchased the Winnebago solely for business purposes. Petitioner also testified that, in the 10 to 15 days in which he had access to the vehicle, he used it for one business trip and had transferred all of his business files into a filing cabinet located in it, causing him to lose the files when the Winnebago was taken by its co-owner. We do not accept petitioner's testimony that the Winnebago was to be used solely for business purposes. The contract indicated that the Winnebago was for personal use and the Winnebago was financed jointly with Ms. Melson, who subsequently took possession of it solely for her own purposes. Furthermore, petitioner did not indicate how the Winnebago would have been used in his business. We find that the use of this vehicle was personal in nature and not connected with petitioner's business. Thus, any losses related thereto are not deductible as a business loss. Sec. 165(c)(1). Petitioners have not argued that any loss relating to

the Winnebago was the result of theft, so we need not address any issues of amount or timing.  See sec. 165(c)(3), (e), (h).

Section 6651(a)(1) Addition to Tax

Petitioner's individual Federal income tax return for taxable year 1995 was dated September 12, 1997, postmarked September 13, 1997, and received by the Internal Revenue Service on September 19, 1997.  The return showed a tax liability of $28,240 and stated that no payments had been made to satisfy that liability.  Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for 1995 for failure to file a return by the prescribed date.

Section 6651(a)(1) imposes an addition to tax equal to 5 percent of the amount required to be shown as tax on a return for each month or fraction thereof past the prescribed due date in which the return is not filed, not to exceed a total of 25 percent.  Generally, the amount of the addition to tax under section 6651(a)(1) is reduced by the amount of any addition to tax imposed under section 6651(a)(2) (which relates to failure to pay the tax shown on a return by the prescribed date) with respect to each month in which both are otherwise applicable. Sec. 6651(c)(1).

A taxpayer may avoid the addition to tax under section 6651(a)(1) if he establishes that the failure to file is due to reasonable cause and not due to willful neglect.  "Reasonable

cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time. United States v. Boyle, 469 U.S. 241, 246 (1985). "Willful neglect" means a conscious, intentional failure or reckless indifference. Id. at 245.

Although respondent bears the burden of production with respect to this addition to tax, petitioner ultimately bears the burden of proof. Sec. 7491(c); Rule 142(a). It is clear that petitioner did not file a return for taxable year 1995 until September 1997. Petitioner did not attempt to explain the failure to file and provided no indication that he had reasonable cause therefor. We sustain respondent's determination that petitioner is liable for the addition to tax under section 6651(a)(1).[4]

Section 6662(a) Accuracy-Related Penalty

Respondent determined that petitioners are liable for an accuracy-related penalty under section 6662(a) for 1996 with

---

[4]Respondent applied a 22.5 percent rate to the total amount of tax required to be shown on petitioner's return, $30,499, and offset the resulting amount by a previously assessed sec. 6651(a)(1) addition to tax of $6,354. See sec. 6665(b). Respondent presumably had previously assessed a sec. 6651(a)(2) addition to tax as well. See id.; sec. 6651(c)(1).

respect to the underpayment resulting from the total amount of the deficiency in that year.

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, one of which is any substantial understatement of income tax. Sec. 6662(b)(2). A substantial understatement of income tax exists if the amount of the understatement exceeds the greater of $5,000 or 10 percent of the tax required to be shown on the return. Sec. 6662(d)(1)(A). Generally, the amount of an understatement is reduced by the portion of the understatement which is attributable to either (1) the tax treatment of any item for which there is or was substantial authority, or (2) any item with respect to which (a) the relevant facts were adequately disclosed on the return or on a statement attached to the return, and (b) the taxpayer had a reasonable basis for the tax treatment thereof. Sec. 6662(d)(2)(B).

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most

important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year.  Id.

Petitioners made a substantial understatement of tax on their 1996 return.  They have failed to produce books and records or to otherwise show the method used to arrive at the amounts of the deductions and income which were reported.  Based on the record before us, we find petitioners have not established that they had substantial authority or a reasonable basis for the items in question.  Nor have they established that there was reasonable cause for the underpayment or that they acted in good faith with respect to the underpayment.  Consequently, we sustain respondent's determination that petitioners are liable for the section 6662(a) accuracy-related penalty for 1996.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

> Decisions will be entered
> for respondent in docket No.
> 2730-01S and under Rule 155 in
> docket No. 2731-01S.